IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02481-WYD-MEH

DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company,

    Plaintiff,

v.

JOHN DOES 1-20,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is a letter to the Court, construed as a Motion to Quash [filed October 14, 2014; docket #17] filed by Defendant John Doe Subscriber Assigned IP Address 98.245.130.156 ("Doe #18"). The motion has been referred to this Court for disposition. (Docket #19.) For the reasons that follow, Defendant's motion is **denied**.

**I.**    **Background**

    Plaintiff initiated this action on September 7, 2014 against twenty Doe Defendants. (Docket #1) Plaintiff alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. In an effort to identify the alleged infringers, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. (Docket #9.) The Court determined that Plaintiff had shown good cause for limited expedited discovery, and granted Plaintiff's motion. (Docket #11.) In particular, the Court authorized Plaintiff to serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified

ISPs for the limited purpose of ascertaining the identities of the Doe Defendants as identified by the twenty (20) IP addresses listed in Docket #1-1. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. With each subpoena, the Court directed Plaintiff also to serve a copy of its order. Finally, the Court emphasized that Plaintiff was only permitted to use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint. The Court cautioned Plaintiff that improper use of this information would result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Doe #18's ISP, Comcast, on September 9, 2014 (hereinafter "the subpoena"). (Docket #17-1 at 4.) Doe #18 filed a letter with the Court requesting "a motion for dismissal, quashing and vacating of this Subpoena" on the basis that the IP address was not assigned to him. (Docket #12.) The Court construed that letter as a motion to quash and denied it without prejudice on October 9, 2014 for failure to attach the subpoena. (Docket #15.) Plaintiff submitted the present motion on October 14, 2014 with the attached subpoena.

**II.     Discussion**

Fed. R. Civ. P. 45(d)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or

privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest. *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)).

Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

Comcast, the recipient of the subpoena, has not objected to its terms. Doe #18's letter requests that this Court quash or dismiss the subpoena; however, Doe #18 does not address the basic standards the Court must apply in determining whether to quash a subpoena. He states only that his motion to quash is "based on the incorrect IP address." (Docket #17.) Doe #18 does not claim privilege or privacy interests as a basis for his motion, and, indeed, he includes his name and address in the letter. Thus, Doe #18 lacks standing to challenge the subpoena, and the Court may not consider his request.

    **III.**    **Conclusion**

For the reasons stated above, the Court finds that Doe #18 has not met his burden of showing that the Court should quash the subpoena served on Comcast. Therefore, the Motion to Quash [filed October 14, 2014; docket #17] filed by Defendant John Doe #18 is **denied**.

Entered and dated at Denver, Colorado, this 17th day of October, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge